I ¶ ARMSTRONG, C.J.,
Concurs with Reasons.
I agree with the majority’s conclusion that the plaintiffs claim has been perempt-ed or prescribed. I write separately, recognizing the duty of the defendant broker, each time he presented his client an application for insurance, to offer an application from an insurer legally authorized to write the policy for which the application was offered.
I do not discern an affirmative duty on the part of one who places business through a broker to make an independent inquiry as to the authority of the insurer to underwrite the particular risk against which the party seeks to be insured. Such a purchaser should be able to rely on the fact that his broker will place his insurance business only with legally authorized insurers.
*470 The plaintiff, although it knew or should have known that H.I.H. was not the so-called “white list” at the time it purchased the initial policy in 1996 [1], had the right to rely on its broker’s duty to re-place that policy in subsequent years with an insurer qualified to right that particular business. The broker breached that duty in 1997 and 1998. The suit bases on the 1998 breach of duty was filed within the three-year preemptive period.

. As noted by the majority, the State did not require "white list” qualification in 1996.